Richmond

## Herbert Levi Ferguson v. Superintendent of the Virginia State Penitentiary.

October 14, 1974.
Record No. 731034

Present, I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Poff, JJ.

*Donald R. Johnson (Bernard J. Natkin,* on brief), for plaintiff in error.

*Wilburn C. Dibling, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Harrison, J., delivered the opinion of the court.

On November 3, 1971, Herbert Levi Ferguson, having waived trial by jury, was convicted by the lower court on an indictment charging him with breaking and entering the storehouse of the Western Auto Store in Buena Vista with intent to commit larceny, and was sentenced to confinement in the penitentiary for a period of 4 years. Defendant did not appeal the judgment of conviction.

On May 22, 1972, Ferguson filed in the court below a petition for a writ of habeas corpus in which he attacked his conviction. He alleged a denial to him of counsel at custodial interrogation and that the confession given by him was coerced and

involuntary. After a full evidentiary hearing the trial court denied the writ, finding as a fact that the confession of Ferguson to the law enforcement officers that he did break and enter the Western Auto Store was not coerced or induced but was made voluntarily, and hence it was admissible. We granted the petitioner an appeal.

On Thursday, July 29, 1971, shortly after midnight, two patrolling officers of the Buena Vista police department noticed in the city's parking lot a 1965 Ford occupied by two persons, a man under the wheel and a woman in the back. The officers did not stop at that time, but immediately thereafter Officer Marshall Stinnett went back to the lot and noticed that a third person, subsequently identified as Ferguson, was standing at the rear door and outside the vehicle. The officer saw another man in the middle of the street walking away from the Western Auto Store with an armful of guns. Stinnett called for two fellow officers, and as he ran toward the car Ferguson opened the door and got in the back seat with the woman.

The officers found "a pile of guns right where Mr. Ferguson was standing at the rear door of the car", in addition to the guns that they took from the man who was seen coming across the street. The door to the store had been pried open and the lock broken. The officers found a crowbar and a tire iron lying beside the cash register which also had been broken open. The sum of $48.10 was missing from the cash register, and 15 guns, valued at $1,160.25, were recovered. All four parties, including Ferguson and the female, Juanita Wolfolk, were arrested and charged with breaking and entering. Prior to any interrogation by the officers the defendant was given the full and correct *Miranda* warnings. Ferguson refused to make any statement without an attorney, and no incriminating statement was made by him at that time, or at any time while he was in jail.

On August 4, 1971, D. R. Huffman, the Chief of Police of Buena Vista, transported petitioner and his codefendants by automobile from the Augusta County jail to the Municipal Court in Buena Vista. The purpose of Ferguson's return to Buena Vista and to the court was for the appointment of counsel. Huffman testified that during the course of their journey Ferguson initiated a conversation and volunteered that "he would like to talk to the Commonwealth's Attorney, he would like to get this

thing straight and tell the truth about it and get this girl [Miss Wolfolk] off as she was not guilty".

Huffman said he advised Ferguson that he "could talk to the Commonwealth's Attorney if you wish to", and that when they walked into the court room he told Ferguson: "Well, here is Mr. Robey, the Commonwealth's Attorney, you can talk to him. He did talk to Mr. Robey and told him his story."

Petitioner, in the presence of Huffman and the Commonwealth's Attorney, confessed to breaking and entering the Western Auto Store. He insisted that Miss Wolfolk, with whom he had been living for over a year, had no part in the breaking and entering. Robey testified that he was fully aware that Ferguson's purpose in making the statement was to get the girl released, but that he had no recollection of having made any promise to the petitioner in regard to her release.

In his petition for a writ of habeas corpus Ferguson alleged only (1) the denial of counsel at custodial interrogation and (2) that his confession was involuntary and coerced. However, in his assignments of error he also complains of (3) a failure to appoint counsel for him in accordance with the provisions of Code § 19.1-241.2, (4) failure to advise him of his right to counsel and to give him his *Miranda* warnings, and (5) failure to provide him with an adequate record of the trial proceedings.

█ We observe again that the trial court found petitioner's confession to be voluntary and not coerced. The evidence disclosed that the *Miranda* warnings were properly given to petitioner and that there was no custodial interrogation of him. Petitioner admitted that he had previously been convicted of a felony and had previously filed a petition for writ of habeas corpus. He stated that he knew he was entitled to counsel and also knew his constitutional rights. While there was a failure to appoint counsel for Ferguson on the first day the Municipal Court of Buena Vista sat after petitioner's arrest, as provided by Code § 19.1-241.2 and Rule 3A: 5 (b) (1), Rules of the Supreme Court of Virginia, such a violation of the statute and Rule does not affect the jurisdiction of a court of record to subsequently try defendant for a felony. We find nothing in the record to show that petitioner questioned the noncompliance with the statute or the Rule of Court at his trial. Petitioner's allegation that the Commonwealth failed to provide him with an adequate trial

transcript is also an issue that is raised for the first time in this habeas corpus proceeding. We note that while certain portions of the tape on which was recorded the evidence and incidents of trial were reported to be inaudible, the evidence was substantially reported. Further, the record is adequate insofar as it involves the circumstances under which the confession was made and admitted, the principal issue in this case.

Our decision here is controlled by *Slayton* v. *Parrigan*, 215 Va. 27, 205 S. E. 2d 680 (1974). There we held that Parrigan lacked standing to raise on habeas corpus the question whether his in-court identification by a witness was tainted by an impermissible suggestive pretrial identification when he did not advance that defense at his trial and upon appeal from that conviction. In an opinion by Mr. Justice I'Anson, now Chief Justice, the court held:

"Assuming, without deciding, that petitioner was subject to an unconstitutional identification procedure, the court below erred, absent a showing of ineffective assistance of counsel in failing to raise that question, in permitting inquiry on this question for the first time in the habeas corpus proceeding.

"We have repeatedly held that under Rule 1:8, now Rule 5:7, an objection requiring a ruling of the trial court must be made during trial when identification testimony is offered or it will not be noticed upon appeal. *Poole* v. *Commonwealth*, 211 Va. 258, 260, 176 S. E. 2d 821, 823 (1970); *Henry* v. *Commonwealth*, 211 Va. 48, 52, 175 S. E. 2d 416, 419 (1970).

"A petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error. *Brooks* v. *Peyton*, 210 Va. 318, 321-22, 171 S. E. 2d 243, 246 (1969); *Smyth* v. *Bunch*, 202 Va. 126, 131, 116 S. E. 2d 33, 37-38 (1960).

"It is true we said in *Griffin* v. *Cunningham*, 205 Va. 349, 355, 136 S. E. 2d 840, 845 (1964): 'It is well settled that the deprivation of a constitutional right of a prisoner may be raised by *"habeas corpus."* ' But in the interest of the finality of judgments and since the original function of the writ of habeas corpus was to provide an inquiry into jurisdictional defects, we hold that the principle enunciated in *Griffin* is inapplicable when a prisoner has been afforded a fair and full opportunity to raise and have adjudicated the question of the

admissibility of evidence in his trial and upon appeal. [Authorities omitted.]

"The trial and appellate procedures in Virginia are adequate in meeting procedural requirements to adjudicate State and Federal constitutional rights and to supply a suitable record for possible habeas corpus review. A prisoner is not entitled to use habeas corpus to circumvent the trial and appellate processes for an inquiry into an alleged non-jurisdictional defect of a judgment of conviction. Since the issue of the alleged constitutionally improper pretrial identification could have been raised and adjudicated at petitioner's trial and upon his appeal to this court, Parrigan had no standing to attack his final judgment of conviction by habeas corpus." (Footnotes omitted.)

*See also Superintendent, State Farm* v. *Hayes,* 215 Va. 122, 207 S. E. 2d 823 (1974).

■ All the issues raised by the petitioner, Ferguson, in his petition for a writ of habeas corpus, or set forth in his assignments of error, could have been raised and adjudicated in the trial court and upon direct appeal to this court. He failed to do this, and therefore lacks standing to raise the issues on habeas corpus. The judgment of the court below denying his petition for a writ of habeas corpus is

*Affirmed.*