Tommy **BROCK**, Petitioner,

v.

A. T. **ROBINSON**, Respondent.

Civ. A. No. 75–C–1–C.

United States District Court,
W. D. Virginia,
Charlottesville Division.

May 22, 1975.

Lindsay G. Dorrier, Jr., Charlottesville, Va., for petitioner.

Alan Katz, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

Petitioner, Tommy Brock, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He is presently imprisoned pursuant to his conviction on July 9, 1973 in the Circuit Court of Greene County for sodomy. He was sentenced to serve a term of ten (10) years in the Virginia State Penitentiary. Petitioner appealed his conviction to the Supreme Court of Virginia, which by order dated February 20, 1974 denied his petition for a writ of error and affirmed the conviction. This court has jurisdiction under 28 U.S.C. § 2241. This court by order dated February 12, 1975 appointed to petitioner counsel to assist him in the prosecution of his petition.

Petitioner has made a broadside attack on his conviction.[1] Counsel for the

---

1. In his petition, the petitioner has listed the following grounds for relief. All are clearly frivolous for the reasons contained in parentheses.

1. Denial of right of appeal (Petitioner in fact appealed his conviction).

petitioner, after investigation, however, urges upon this court only two grounds for relief:

1. The infant-victim of the sexual attack, for which petitioner was convicted, was incompetent to testify.

2. Petitioner was denied effective assistance of counsel.

■ Petitioner has exhausted his state court remedies as 28 U.S.C. § 2254 requires with respect to his first allegation. His allegation of ineffective assistance of counsel, however, has never been presented to a state tribunal. This allegation must therefore be dismissed for failure to exhaust state remedies.[2]

■ Concerning petitioner's first allegation, this court has a narrow scope of review. As the Court of Appeals stated in *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir. 1960):

"Normally, the admissibility of evidence, the sufficiency of evidence, and instructions to the jury in state trials are matters of state law and procedure not involving federal constitutional issues. It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented. The role of a federal habeas corpus petition is not to serve as an additional appeal."

■■ Whether the testimony of the six-year old victim should have been admitted into evidence was a question of state law. That the state trial court decided in favor of admitting the testimo-

ny did not institute a constitutional violation. This court has reviewed the trial record and finds that petitioner's trial comported with the standards of fundamental fairness. For these reasons, this court dismisses this petition for a writ of habeas corpus.

---

2. Conviction obtained by plea of guilty which was unlawfully induced or entered. (Petitioner was tried and convicted by a jury, after entering a plea of not guilty.)
3. Conviction obtained by use of coerced confession. (No confession was introduced at trial.)
4. Conviction obtained by use of evidence obtained pursuant to an unlawful arrest. (No evidence obtained pursuant to an arrest) was introduced against petitioner.
5. Conviction obtained by a violation of the privilege against self-incrimination. (No statement made by petitioner, other

than that he was innocent, was introduced at trial against him.)

2. The recent decisions of the Virginia Supreme Court prohibiting the assertion in a state habeas proceeding of any claim not presented at trial and pursued on appeal do not extend to claims of ineffective assistance of counsel. This claim may still be presented in a state habeas corpus proceeding. *See Slayton v. Parrigan*, 215 Va. 27, 205 S. E.2d 680 (1974); *Furguson v. Supt.*, 215 Va. 269, 208 S.E.2d 749 (1974).