Herbert Levi FERGUSON, Petitioner,

v.

F. C. BOYD, Superintendent, Respondent.

Civ. A. No. 75-0011.

United States District Court,
W. D. Virginia,
Lynchburg Division.

June 3, 1975.

Herbert Levi Ferguson, pro se.

Wilburn C. Dibling, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

■ Herbert Levi Ferguson, petitioner, has filed a petition for a writ of habeas corpus challenging the validity of his conviction for breaking and entering with intent to commit larceny by the Circuit Court of Buena Vista on November 3, 1971. Although petitioner has served his jail sentence of four years, he is currently detained pursuant to a recidivist conviction by the Circuit Court of Richmond on July 19, 1972, and since his conviction for breaking and entering was necessarily a basis for the recidivist conviction, petitioner is currently detained within the meaning of 28 U.S.C. § 2254. In attacking his conviction for breaking and entering petitioner makes the following allegations:

1) He asked for a lawyer at arrest, but his request was denied and questioning was pursued;

2) He was held seven days without a lawyer and without appearing before a judge to set bond;

3) He was under extreme mental stress when his confession was taken;

4) He was not given any warnings (Miranda) when his confession was taken, even though his lawyer was on the way to be appointed to defend him;

5) He was denied an adequate transcript; and

6) The Supreme Court of Virginia refused to consider the petitioner's allegations which were not presented at trial or upon appeal.

Petitioner did not appeal his conviction, but filed a petition for writ of habeas corpus with the Circuit Court of Buena Vista; a hearing was held on the petition in the Circuit Court of Buena Vista on April 6, 1973, and the petition was denied. Petitioner then appealed to

the Supreme Court of Virginia who by written opinion affirmed the Circuit Court's denial of the petition, *Ferguson v. Superintendent of Va. St. Pen.*, 215 Va. 269, 208 S.E.2d 749 (1974).

■■ Respondent has filed a motion to dismiss asserting that allegation (1), allegation (2), allegation (3), and allegation (4) are not properly before the court because petitioner has not exhausted his state remedies. Respondent takes the position that petitioner may raise the confession issue by way of an assertion of ineffective assistance of counsel. The court does not agree, and the Virginia Supreme Court held that:

> All the issues raised by the petitioner, Ferguson, in his petition for a writ of habeas corpus, or set forth in his assignments of error, could have been raised and adjudicated in the trial court and upon direct appeal to this [the Virginia Supreme Court] court. He failed to do this, and therefore lacks standing to raise the issues on habeas corpus. *Ferguson v. Supt.*, 208 S.E.2d at 752).

Based upon the Virginia Supreme Court's opinion above, this court holds that petitioner has exhausted his state remedies and the petition is properly before the court for consideration of the merits of petitioner's allegations. Since respondent has caused the transcripts of petitioner's original trial and of his habeas corpus hearing to be forwarded to this court and because the Circuit Court for Buena Vista conducted an in-depth evidentiary hearing, there is no need for this court to hold an evidentiary hearing of its own.

## II

The facts surrounding petitioner's arrest and conviction are adequately set out in the Supreme Court of Virginia's opinion *Ferguson v. Superintendent of Va. St. Pen.*, 215 Va. 269, 208 S.E.2d 749 (1974). Briefly, petitioner was arrested on Thursday, July 29, 1971, by Buena Vista police officers who noticed a man walking away from the Western Auto Store in Buena Vista, Virginia, with an armful of guns sometime shortly after midnight. They had previously noticed a 1965 Ford parked in the city's parking lot occupied by two persons, with an additional person (Ferguson) standing beside the car. The officers ran toward the car and Ferguson entered the rear seat of the car. The officers found "a pile of guns right where Mr. Ferguson was standing at the rear of the car." In checking the Western Auto Store, they found the door to the store had been pried open and the lock broken. All four persons were arrested and given their *Miranda* warnings. (Trial Transcript 23). Petitioner refused to make any statements or answer any questions without an attorney. Arrested along with petitioner was his girlfriend, Juanita Wolfolk, who had been sitting in the rear seat of the 1965 Ford.

On August 4, 1971, D. R. Huffman, the Chief of Police of Buena Vista, transported petitioner and his codefendants by automobile from jail to the Municipal Court in Buena Vista for the purpose of appointment of counsel. Huffman testified at trial (Tr. 39–41) and at the habeas corpus proceeding (Habeas Corpus Transcript 116–188) that during the course of this drive, Ferguson initiated a conversation and volunteered that he would like to "get this thing straight and tell the truth about it and get Juanita off." Huffman advised Ferguson that he could talk to the Commonwealth Attorney. Subsequently, petitioner, in the presence of Huffman and the Commonwealth Attorney, Mr. Robey, confessed to breaking and entering the Western Auto Store. Petitioner insisted that Juanita Wolfolk, with whom he had been living for over a year, had no part in the breaking and entering. Robey testified at the habeas corpus proceeding that he was fully aware that Ferguson's purpose in making the statement was to get the girl released, but that he was "99 percent sure" that he made no promise to petitioner in regard to her release (Habeas

Corpus Tr. 62). At the time of the confession no *Miranda* warning was given, but Mr. Robey (Habeas Corpus Transcript 65–66) and Huffman testified (Habeas Corpus Transcript 116) that neither asked petitioner any questions, and that his confession was spontaneous albeit motivated by a desire to free his girlfriend. The court notes that Juanita Wolfolk was released the same day as petitioner's confession and that petitioner's confession was very instrumental in his conviction.

### III

■ A. Petitioner's first allegation relates to the initial request for an attorney upon arrest. The trial transcript indicates that although an attorney was not forthwith appointed, no incriminating statements were made by petitioner at that time, and therefore nothing occurred which in any way caused an infirmity at petitioner's trial. Therefore, no meritorious grounds for federal habeas corpus relief exist in allegation 1.

■ B. Petitioner next alleges that he was held seven days without a lawyer and without appearing before a judge to set bail. The facts indicate that petitioner was held from July 29 until August 4, 1971, without an appearance before a judge in violation of § 19.1–241.2 of the Virginia Code which provides:

> Every person charged with the commission of a felony not free on bail or otherwise shall be brought before the judge of a court not of record on the first day on which such court sits after the person is charged. At this time, the judge shall inform the accused of his right to counsel and the amount of his bail. . . .

Evidence shows that two terms of the court passed without any appearance by petitioner. (Habeas Corpus Transcript 53).

This court is troubled by the delay in bringing petitioner before a judge of a court not of record in violation of the law of Virginia, resulting in a damaging confession during the period of delay.

However, the Fourth Circuit held that violation of a state law requiring arraignment of state prisoners without unreasonable delay does not constitute a basis for habeas corpus relief in the federal courts, *Davis v. State of North Carolina*, 339 F.2d 770 at 777 (4th Cir. 1964). Therefore, the court cannot grant any federal habeas corpus relief on the grounds that § 19.1–241.2 was not complied with.

■ C. Petitioner's third and fourth allegations relate to the constitutionality of his confession. He alleges that (a) he was under extreme mental stress, (2) that he was not given his rights (*Miranda* warning) and (3) that he was not represented by counsel. The transcript of petitioner's trial and habeas corpus proceedings indicate that petitioner was under a degree of stress in that he was controlled by his desire to free his girlfriend. The Commonwealth Attorney acknowledged as much. However, there is no indication that petitioner's dominant motivation operated to preclude a voluntary and intelligent confession. Moreover, it is clear that the requirements put forth by the Supreme Court in *Miranda v. Arizona*, 384 U.S. 486, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and in *Escobedo v. Illinois*, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), do not apply to unsolicited statements by those who are in custody. *Miranda* and *Escobedo* were not cases involving spontaneous confessions and did not include such within their holdings. The facts set forth in this present case predominantly indicate the petitioner confessed voluntarily, although motivated by the hope of freeing his girlfriend. In determining the voluntariness of a confession, the court does not decide the issue upon motivation but upon the totality of the cricumstances. In the present case the testimony of Huffman and Robey indicate that no pressures by them were brought to bear upon petitioner, and that it was the self-induced pressure of his wish to free his girl that determined petitioner's decision to confess. (Habeas Corpus Transcript 85).

This court finds that the totality of circumstances surrounding petitioner's confession, fully developed in the habeas corpus proceeding in the Circuit Court of Buena Vista, show that petitioner's confession was both voluntary and spontaneous and thus duly admissible at his state criminal trial. Accordingly, no relief can be granted to petitioner by means of habeas corpus.

■ D. Petitioner's final two allegations do not relate to his conviction but are matters which are supplemental to his trial and conviction. The transcript which petitioner alleges is inadequate, although containing several deletions due to inaudibility, was adequately reproduced and contained sufficient information. Regardless of whether or not the Virginia Supreme Court will hear matters in a habeas corpus proceeding which were not raised at trial or on appeal, petitioner's right to petition this district court for habeas corpus relief still remains. In no way, then do either of these allegations relate to the trial and conviction of petitioner nor do they foreclose petitioner's right to petition this federal district court for a writ of habeas corpus.

## IV

After thoroughly considering petitioner's allegations, it is the opinion of the court that no federal habeas corpus relief is appropriate. For reasons set forth in the above opinion, this court finds no grounds for granting a writ of habeas corpus, and accordingly the petition is ordered denied and stricken from the docket. Petitioner is advised that he may appeal the decision of this court to the United States Court of Appeals for the Fourth Circuit by filing a notice of appeal with this court within 30 days.

The clerk is directed to send a certified copy of this opinion and judgment to petitioner and to counsel for respondent.