# CIRCUIT COURT OF LEE COUNTY

Commonwealth of Virginia

v.

Gerald Wayne Williams

Commonwealth of Virginia

v.

Wayne Bailey

February 19, 1993

BY JUDGE J. ROBERT STUMP

The court has considered defendants' motions, the indictments, counsels' oral and written arguments, and makes the following findings of fact and conclusions of law.

### Speedy Trial

The facts disclose that both defendants, who were indicted for felonies, were arrested thereon September 14, 1990. Defendants filed motions to dismiss on October 30, 1990. Oral arguments on the motions were heard on March 27, 1991, at which time the court orally dismissed the indictments without prejudice, but the final written order was not entered until March 20, 1992.

Both defendants, reindicted on three similar misdemeanors, were arrested on August 14, 1992. Defendants again filed motions to dismiss on September 14, 1992. The court overruled defendants' motions at oral argument on February 2, 1993. On that same date, for the first time, defendants orally moved to dismiss for lack of speedy trial.

Both defendants were and are accused of stealing property belonging to Lee County, Virginia.

After the Lee County Commonwealth's Attorney excused himself from the prosecution of the defendants, one of whom, Gerald Wayne

Williams, was a member of the Lee County Board of Supervisors, the resident Lee County Circuit Court judge appointed an acting attorney for the Commonwealth to investigate the case for possible formal charges against defendants. That attorney carefully and methodically investigated the matter and had some doubts about presenting it to a grand jury. Thereafter, the Lee County attorney persuaded the resident judge to appoint her attorney friend as a second acting Commonwealth's Attorney. The resident judge then recused himself, and I agreed to preside.

The second acting Commonwealth's Attorney presented the matter to a grand jury and obtained the first indictments against the defendants without the knowledge or consent of the first acting Commonwealth's Attorney.

At the hearing on defendants' motions to dismiss, the court found no prosecutorial misconduct but did find the appearance of impropriety; dismissed the indictments against the defendants; relieved both acting attorneys for the Commonwealth to avoid any appearance of taint on the indictments of the defendants; and advised the defendants that the court would appoint a third independent acting attorney for the Commonwealth to investigate, who might or might not present the matter again to the Lee County Grand Jury. This was done.

This court recalls that after the dismissal hearing on March 27, 1991, counsel for defendants asked the court if they could prepare the final order of dismissal. Since the two acting Commonwealth's Attorneys were relieved of their duties and defendants had prevailed, the court agreed.

Counsel for defendant Bailey prepared the final order "dismissed with prejudice" and eventually mailed it to the two acting attorneys for the Commonwealth, who objected to the wording even though relieved of their duties, and never endorsed the order. The new acting attorney for the Commonwealth also objected to the wording of the order and finally, one year later, the court entered the dismissal order and inserted "without prejudice" therein. The dismissal order was finally prepared by the clerk at the court's insistence.

Even though defendants did not object until February 2, 1993, the court finds that they did not waive their rights to speedy trial by remaining silent or failing to demand a trial date. *Godfrey v. Commonwealth*, 227 Va. 460 (1984).

Speedy trial time limits do not begin to run here until defendants were arrested on the first indictments (September 14, 1990). Code § 19.2–243. Since defendants were not in custody, the nine-months time limits did not begin until date of arrest.

Six weeks after arrest, defendants filed motions to dismiss. Defendants "cannot take advantage of the delay occasioned by the careful consideration by the trial court of his [their] various motions and pleas." Defendants "clearly [were] in no hurry for trial so long as the possibility remained that the case[s] would end with a favorable pre-trial ruling." *Rogers v. Commonwealth*, 5 Va. App. 337 (1987); *Stephens v. Commonwealth*, 225 Va. 224, 234 (1983).

On March 27, 1991, the court sustained defendants' motions to dismiss on the grounds of appearance of impropriety by two independent court-appointed acting attorneys for the Commonwealth. Even though the final written order was not entered until one year later, defendants were not incarcerated, had no anxiety nor concern, and their defenses were not impaired. They were not prejudiced.

By oral pronouncement of the court from the bench, their cases were dismissed. There were no pending charges hanging over their heads during this one-year period of time. Their liberty was not impaired, and there was no disruption of their lives caused by pending criminal charges.

Defendants cannot rely on this one-year time lapse for the entry of the written order to be entered since there was a question as to who was the acting attorney for the Commonwealth, and the attorney for defendant Bailey prepared the final written order, which was subject to debate and disagreement between all attorneys and the court. These were the reasons for delay in the entry of the final order. Also, the attorneys and the court were scattered between Jonesville, Lee County; City of Bristol; Wise, Wise County; Clintwood, Dickenson County; Tazewell, Tazewell County; and Damascus, Washington County. Attorney for defendant Bailey prepared the final order which showed a dismissal "with prejudice," which was objected to by the old and new acting attorneys for the Commonwealth and the court.

Therefore, this court finds that: (1) the one-year delay from the court's oral dismissal to the entry of the written order should not be calculated for speedy trial time limits in favor of defendants, who caused the delay; (2) defendants were dismissed from further prosecution on the original indictments by oral court order announced from the

bench in open court on the record; and (3) there was no abuse of process when the court dismissed the first indictments.

Defendants were arrested on the second indictments on August 14, 1992. "When the original indictment is supplanted by a second indictment, the time contemplated by the statute [§ 19.2–243] is to be counted from the time of the second indictment." *Miller v. Commonwealth*, 217 Va. 929, 934 (1977); and *Brooks v. Peyton*, 210 Va. 318, 322 (1969).

One month after arrest on the second indictments, defendants filed motions to dismiss, which were heard by the court and overruled on February 2, 1993. Again, defendants cannot take advantage of the delay caused by their pending pretrial motions. *Rogers* and *Stephens, supra.*

Both defendants' trials are set for March 11, 1993. Both defendants have filed motions to sever, which will be granted as hereinafter discussed, but this will be a continuance delay caused by one of the defendants and cannot be calculated towards the nine-month speedy trial time limits provided by statute.

Therefore, the court concludes that (1) only two months have elapsed since defendants were arrested on the second indictments; and (2) assuming the time elapsed on the first indictments, which this court has rejected per *Miller* and *Brooks, supra*, which is six weeks and if added to the two months' lapse of time on the second indictments, statutory speedy trial time limits have not expired.

Wherefore, the court further finds that defendants have not been denied their United States or Virginia constitutional nor statutory rights to a speedy trial, and the record fails to show that they suffered prejudice.

Defendants motions to dismiss are overruled.

### Motion to Sever

When exercised before the trial begins, defendants' election to separate trials are "a matter of right," not "a matter for the exercise of judicial discretion." Va. Code Ann. § 19.2–263; *Burgess v. Commonwealth*, 224 Va. 368 (1982); *Wallen v. Commonwealth*, 134 Va. 773, 781 (1922). Therefore, the court will grant a severance of trials for the two defendants.

The court directs that both defendants' trial date of March 11, 1993, shall stand at this time. The acting attorney for the Commonwealth elected to try Bailey first, and the court will honor that selection.