COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Elder
Argued at Salem, Virginia


JERRY LEE ASHBY
                                              OPINION BY
v.    Record No. 2052-99-3            JUDGE LARRY G. ELDER
                                         OCTOBER 10, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF SMYTH COUNTY
                   Charles H. Smith, Jr., Judge

         Faith Dillow Esposito (Dillow & Esposito, on
         brief), for appellant.

         Linwood T. Wells, Jr., Assistant Attorney
         General (Mark L. Earley, Attorney General, on
         brief), for appellee.


     Jerry Lee Ashby (appellant) appeals from his jury trial

convictions for three counts of carnal knowledge of a minor and

two counts of attempted carnal knowledge of a minor in violation

of Code § 18.2-63.  On appeal, he contends the trial court

erroneously concluded (1) that he was not denied his right to a

speedy trial as guaranteed by Code § 19.2-243 and the United

States and Virginia Constitutions; and (2) that the evidence of

the complaining witness was not inherently incredible and was

sufficient to support his convictions.  We hold that our review

of the alleged constitutional violation is barred by Rule 5A:18.

We further hold that appellant's indictments for violating a

different Code section than he was originally charged under

started the time limitations of the speedy trial statute running anew and, for this reason, that no statutory violation occurred. Finally, we hold that the testimony of the complaining witness was not inherently incredible and was sufficient to support appellant's convictions. Therefore, we affirm.

## I.

### BACKGROUND

Appellant was arrested on September 1, 1998, on warrants charging five violations of Code § 18.2-361, which prohibits "Crimes against nature." Those warrants charged appellant with "carnally know[ing]" T.E., "a child of 14 years of age," on July 31 and August 5, 1998. Appellant was committed to the Smyth County Jail from the time of execution of the warrants on September 1, 1998, until his preliminary hearing on October 28, 1998. At the preliminary hearing on that date, the district court amended several of the warrants so that they charged three acts of carnal knowledge and two acts of attempted carnal knowledge. The court certified the amended charges to the grand jury and indicated that bond "would remain in effect as is."

On December 8, 1998, while appellant was still in custody on the amended warrants charging violations and attempted violations of Code § 18.2-361, the grand jury issued direct indictments charging appellant with violations and attempted violations of a different statute, Code § 18.2-63. These indictments were based on the same acts with a child fourteen

years of age and the same offense dates as charged in the amended warrants, but they did not specifically name T.E. as the victim. The Commonwealth represented that it sought direct indictments under Code § 18.2-63 rather than Code § 18.2-361 as charged in the amended warrants because the former offense took into account the victim's status as a juvenile and provided for a heightened penalty as a result. The amended warrants were never formally dismissed or disposed of by nolle prosequi, and appellant was never released from custody on those charges or re-arrested or provided a new bond hearing on the direct indictments.

By motion filed April 1, 1999, appellant moved to dismiss the direct indictments on the ground that he had been held continuously in custody for more than five months without being brought to trial, a violation of Code § 19.2-243. The motion was denied.

At appellant's trial on the merits, special education student T.E. testified about the events on which the indictments were based, saying they occurred while he and appellant slept in a tent behind T.E.'s grandmother's house. T.E. did not tell anyone about the events immediately after they had happened because he was afraid to do so.

Appellant offered the testimony of James Ashby (Ashby). Ashby testified that T.E. told him he had made the accusations because a police investigator threatened to "put rings on my

fingers and sen[d] me to Bristol if I didn't say [appellant] done it."  T.E. admitted having had a conversation with Ashby about the incidents just a few days before trial but denied saying he had been coerced into making a statement to the authorities.  When T.E. was recalled as a rebuttal witness, he said he did not remember ever having had a conversation with Ashby about the charges against appellant.

Appellant took the stand, admitting he slept in a tent with T.E. on several occasions but denying the charged offenses had occurred.  He claimed T.E. may have lied because he was mad at appellant for some other reason, but appellant did not know why.

The jury convicted appellant of the charged offenses.

## II.

## ANALYSIS

### A.

### SPEEDY TRIAL

Appellant contends first that he was denied his right to a speedy trial as guaranteed by Code § 19.2-243 and the United States and Virginia Constitutions.  However, appellant did not allege the constitutional violations in his argument before the trial court.  Pursuant to Rule 5A:18, absent good cause or to attain the ends of justice, we will not consider on appeal an argument that was not presented to the trial court, even if it involves constitutional claims.  See Deal v. Commonwealth, 15 Va. App. 157, 161, 421 S.E.2d 897, 900 (1992).  We perceive no

good cause for this failure, and therefore, we do not address

appellant's claim that his constitutional speedy trial rights

were violated.

Code § 19.2-243 provides in relevant part as follows:

> Where a general district court has found that there is probable cause to believe that the accused has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court . . . .
> If there was no preliminary hearing in the district court, or if such preliminary hearing was waived by the accused, the commencement of the running of the five . . . month[] period[] . . . , set forth in this section, shall be from the date an indictment or presentment is found against the accused.

Our cases interpreting Code § 19.2-243 hold that the

disposal of an indictment by nolle prosequi "'is a

discontinuance which discharges the accused from liability on

the indictment to which the nolle prosequi is entered.'"  Arnold

v. Commonwealth, 18 Va. App. 218, 221, 443 S.E.2d 183, 185

(quoting Miller v. Commonwealth, 217 Va. 929, 935, 234 S.E.2d

269, 273 (1977)), aff'd on reh'g en banc, 19 Va. App. 143, 450

S.E.2d 161 (1994).  Thus, when an indictment is disposed of by

nolle prosequi, with or without notice to the accused, before

the speedy trial statute has run and the accused subsequently is

re-indicted on the same charge, the speedy trial statute begins

to run anew from the time of the second indictment.  See, e.g., id.  "A new indictment is a new charge, distinct from the original charge or indictment."  Id.  "'When an original indictment is supplanted by a second indictment, the terms contemplated by [Code § 19.2-243] are to be counted from the time of the second indictment.'"  Presley v. Commonwealth, 2 Va. App. 348, 350, 344 S.E.2d 195, 196 (1986) (quoting Brooks v. Peyton, 210 Va. 318, 322, 171 S.E.2d 243, 246 (1969)).

Here, although no indictment was ever issued for the offenses for which appellant was arrested and no nolle prosequi of the charges on which appellant had been arrested by warrant was effected, the above-quoted principle espoused in Brooks nevertheless applies to the facts of this case.  Brooks involved the arrest of the accused on a warrant followed by a preliminary hearing and a grand jury proceeding which returned an indictment for grand larceny.[1]  Under the version of the statute then in effect, the speedy trial calculation began running from the date the "'indictment [was] found [against the accused] and [he was] held in any court for trial, whether he be in custody or not.'" 210 Va. at 321, 171 S.E.2d at 245 (quoting former Code § 19.1-191).  Before Brooks was arraigned or tried on the first

---

[1] Although the Commonwealth had sought an indictment for robbery, the court held in the case of a codefendant whose indictment contained language similar to the accused's that the language charged grand larceny rather than robbery.  See Brooks, 210 Va. at 320, 171 S.E.2d at 245.

indictment, the Commonwealth obtained a second indictment charging Brooks with robbery rather than grand larceny, based on the same events as the first indictment. The Court held:

> The second indictment was returned before the expiration of [the speedy trial statute] from the date of the first indictment. The Commonwealth was not barred from obtaining another indictment which properly charged the offense of robbery. When an original indictment is supplanted by a second indictment, the terms contemplated by the statute are to be counted from the time of the second indictment.

Id. at 322, 171 S.E.2d at 246 (footnote omitted). Therefore, Brooks holds that where a second indictment for an alleged criminal act is obtained before the speedy trial statute expires on the first prosecution, the statutory time period is to be counted from the date of the second indictment. Compare id. with Clark v. Commonwealth, 4 Va. App. 3, 5-7, 353 S.E.2d 790, 791-92 (1987) (where original charges have been dismissed for speedy trial violation, subsequent indictment for offense based on same act or transaction, such as conspiracy to commit the originally charged offenses, also violates speedy trial statute). Although the speedy trial statute has been recodified and amended since the Brooks decision, we have recognized that those amendments do not alter the principles set forth in Brooks. See Presley, 2 Va. App. at 351, 344 S.E.2d at 196; see also 1995 Va. Acts chs. 37, 352; 1993 Va. Acts ch. 425; 1988 Va. Acts ch. 33.

In appellant's case, it matters not that the speedy trial statute began to run when the district court found probable cause at the preliminary hearing or that no indictments were obtained for the offense for which the general district court had found probable cause.  What matters is that, as calculated from the beginning of the prosecution--the preliminary hearing date of October 28, 1998--the speedy trial statute had not expired when the grand jury returned the new indictments on December 8, 1998, charging a violation of a different statute based on the same alleged events.  According to the rationale adopted in Brooks, the new indictment "supplanted" the finding of probable cause made by the district court.  Therefore, appellant's continued incarceration was based on the indictments, and the speedy trial statute began to run anew as of December 8, 1998, the date of the indictments' issuance.

To hold otherwise would be to elevate form over substance. A prosecutor could dispose of a still-timely indictment by nolle prosequi moments before obtaining a new, direct indictment for a similar offense, thereby starting the running of the speedy trial statute anew, see, e.g., Arnold, 18 Va. App. at 221-22, 443 S.E.2d at 185.  In contrast, a prosecutor who effected the nolle prosequi of the original charge only after the second indictment or never effected the nolle prosequi would be required to count the speedy trial limit from the date of the original indictment or probable cause determination.  Such

results would be anomalous.  As a result, we conclude that appellant's April 14, 1999 trial occurred within the time required by Code § 19.2-243.[2]

B.

SUFFICIENCY OF THE EVIDENCE

On appellate review, we examine the evidence in the light most favorable to the Commonwealth, and we may not disturb the jury's verdict unless it is plainly wrong or without evidence to support it.  See Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).  The conclusions of the fact finder on issues of witness credibility may be disturbed on appeal only when we find that the witness' testimony was "inherently

---

[2] This is not a case in which appellant claimed a due process violation based on an allegation that the Commonwealth acted with "improper motives."  Presley, 2 Va. App. at 351, 344 S.E.2d at 196-97; see also Arnold, 18 Va. App. at 222, 443 S.E.2d at 185-86 (where Commonwealth sought nolle prosequi due to "difficulty in securing the attendance of its witnesses and in an effort to preserve a serious criminal charge[,] . . . [t]he record suggests no oppressiveness or unfair trial tactic" and, therefore, does not violate the speedy trial statute).
The only evidence in the record indicates that the Commonwealth sought indictments under Code § 18.2-63 rather than Code § 18.2-361 because Code § 18.2-63 took into account the victim's status as a juvenile and provided for a heightened penalty as a result.  Further, a constitutional speedy trial claim, where properly preserved, remains available to prevent abuse by the Commonwealth.  Cf. Johnson v. Commonwealth, 252 Va. 425, 429, 478 S.E.2d 539, 541 (1996) (constitutional provisions, not speedy trial statute, apply to assess length of delay preceding retrial following reversal on appeal); Holliday v. Commonwealth, 3 Va. App. 612, 615, 352 S.E.2d 362, 364 (1987) (constitutional provisions, not speedy trial statute, apply to assess length of delay which occurs prior to original preliminary hearing or indictment).

incredible, or so contrary to human experience as to render it unworthy of belief." Fisher v. Commonwealth, 228 Va. 296, 299-300, 321 S.E.2d 202, 204 (1984). In all other cases, we must defer to the conclusions of "the fact finder[,] who has the opportunity of seeing and hearing the witnesses." Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985). These same principles apply in cases involving rape, sodomy and other sexual offenses, which may be sustained solely upon the testimony of the victim, even in the absence of corroborating evidence. See Fisher, 228 Va. at 299, 321 S.E.2d at 203.

Code § 18.2-63 provides that any person who "carnally knows, without the use of force, a child thirteen years of age or older but under fifteen years of age, . . . shall be guilty of a Class 4 felony." Code § 18.2-63 defines carnal knowledge to include acts of fellatio and anal intercourse.

Here, the victim testified that on July 31, 1998, when the victim was fourteen years old, appellant put the victim's penis in appellant's mouth and tried to "stick his penis up [the victim's] butt." The victim also testified that around August 5, 1998, appellant again placed the victim's penis in his mouth, "tried to stick [appellant's penis] in [the victim's] butt," and had the victim "suck [appellant's] penis." This testimony supported appellant's convictions for three counts of violating Code § 18.2-63 and two counts of attempting to violate that same statute. The mere fact that the victim, a special education

student, told no one about the incidents immediately after they happened, willingly slept in a tent with appellant again after the events of July 31, 1998, and remained friends with appellant after the second encounter on August 5, 1998, did not compel the conclusion that his testimony was inherently incredible. Further, the jury was entitled to reject appellant's testimony that the events never happened and James Ashby's testimony that the victim reported having been coerced into lying about appellant's behavior.

For these reasons, we hold the trial court did not err in concluding that appellant's convictions did not violate the speedy trial statute and that the evidence was sufficient to support the convictions. Therefore, we affirm appellant's convictions.

<u>Affirmed.</u>