COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Felton and Senior Judge Hodges
Argued at Chesapeake, Virginia


WILLIAM DESHAUNE MARTIN

                                                    MEMORANDUM OPINION* BY
v.         Record No. 1484-03-1                     JUDGE WILLIAM H. HODGES
                                                         MARCH 23, 2004
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                              Jerome James, Judge

            S. Clark Daugherty, Public Defender, for appellant.

            Josephine F. Whalen, Assistant Attorney General (Jerry W. Kilgore,
            Attorney General, on brief), for appellee.


        William Deshaune Martin, appellant herein, appeals his convictions for possession with the

intent to distribute cocaine, possession with the intent to distribute cocaine within 1,000 feet of a

school, possession with the intent to distribute heroin, and possession with the intent to distribute

heroin within 1,000 feet of a school, violations of Code §§ 18.2-248 and 18.2-255.2.  Appellant

presents two issues for appeal:  (1) whether the trial court violated his due process rights to a fair

trial by making conclusions before all the evidence was admitted and based on facts not in evidence

or inadmissible evidence; and (2) whether the trial court erred by relying on inadmissible hearsay

evidence.  Finding no error by the trial court, we affirm its judgment.

                                    BACKGROUND

        Investigator Cory Handy asked an unknown woman to buy drugs for him.  Handy gave her

twenty dollars for the purchase.  Handy watched the woman cross the street and approach a

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

light-colored car parked across the street from a high school. Handy observed the person in the car had a dark complexion, wore a light-colored shirt, and wore a black cap tipped to one side. He saw the woman reach into the car with the hand holding the money he gave her, make contact with the person's hand, and remove her hand clenched in a fist. She walked back to Handy's car, keeping the same hand clenched until she reached Handy. She handed him two capsules of heroin from her clenched fist. The two drove several blocks from the area where other officers stopped them to arrest the woman. Handy identified himself as an investigator, read the woman her rights, and asked her for a description of the person in the car. She gave a similar description as Handy observed, adding some detail, and stated she did not know the person's name.

About fifteen minutes after the transaction, Handy and other officers returned to the area. They saw the same vehicle, parked in the same place. A dark-complected male, wearing a light-colored shirt and black hat was standing at the back of the car. When the officers exited their car and identified themselves as police, appellant put his hand to his waist and ran. Handy and Investigator Michael Miller gave chase. Miller testified he saw appellant throw a purple bag with gold strings into a barrel as they chased appellant. Handy saw appellant throw a "dark object" into the barrel, and he stopped to retrieve it. On top of the debris, Handy found a purple Crown Royal bag with gold strings. Inside were fifty-six heroin capsules, weighing 4.2 grams, and twenty individually wrapped baggies of crack cocaine, weighing 2.3 grams. The total value of the narcotics was estimated at $960. Miller apprehended and arrested appellant. Appellant had over $400 cash on his person.

At trial, Handy testified about the transaction between the woman and the man in the car. Handy began to recount the statements the woman made after she was advised of her rights. Appellant objected to the hearsay. The trial court allowed Handy to testify to the woman's

description for the limited purpose of explaining the officers' subsequent actions and establishing probable cause.

While the Commonwealth was questioning Handy for his expert opinion on whether the amount of the recovered drugs was consistent or inconsistent with personal use, the trial judge interrupted and asked the Commonwealth's attorney, "why are we spending this much time on that issue when the evidence so far is this . . . investigator saw . . . [appellant] selling drugs out of that bag?" Appellant's counsel interjected that there had been no evidence that appellant sold narcotics from the bag. The trial court agreed by responding, "Well, no problem. But, there's the bag. At some point in time, [Handy's] going to tie the bag with [appellant]. But [Handy] saw [appellant] selling drugs."

ANALYSIS

Appellant contends he was denied due process and a fair trial because the trial court made findings before all the evidence was presented and considered inadmissible evidence. Although appellant objected to the trial court's assertion that Handy saw appellant sell drugs from the Crown Royal bag, appellant failed to object on the above-stated constitutional grounds. Appellant did not object to the trial court making premature findings as to the element of intent to distribute or failing to adhere to the presumption of innocence until the conclusion of all the evidence. Appellant merely brought the error of fact to the attention of the trial court, and the trial court conceded its mistake. Additionally, appellant did not object that the trial court was inappropriately considering the woman's hearsay statements about the description of the dealer as substantive evidence.

"Pursuant to Rule 5A:18, absent good cause or to attain the ends of justice, we will not consider on appeal an argument that was not presented to the trial court, even if it involves constitutional claims." Ashby v. Commonwealth, 33 Va. App. 540, 545, 535 S.E.2d 182, 185

(2000) (citation omitted).  Rule 5A:18 requires that objections to a trial court's action or ruling be made with specificity in order to preserve an issue for appeal.  See Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (*en banc*).  A trial court must be alerted to the precise issue to which a party objects.  Neal v. Commonwealth, 15 Va. App. 416, 422-23, 425 S.E.2d 521, 525 (1992).

Therefore, Rule 5A:18 bars our consideration of this question on appeal.  The trial judge conceded his mistake and indicated no evidence suggested appellant was seen selling the heroin out of the bag.  Further, Handy gave an independent description of the dealer in the car, which was consistent with the woman's description.  Upon arrest, appellant fit Handy's description.  The trial court's statement suggests it was concerned about the length of time spent on, or cumulative nature of, the evidence as to one element of the offenses, not that it abandoned the presumption of innocence.  Thus, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Appellant separately argues that the trial court erred by considering the woman's hearsay description of the dealer as substantive evidence.  As noted above, although appellant objected to the hearsay nature of the evidence, he did not specify at that time, or any time later in the trial, that the trial court was inappropriately considering that evidence to weigh appellant's guilt or innocence.  "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court."  Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).  See Rule 5A:18.  Accordingly, Rule 5A:18 bars our consideration of this question on appeal.  Moreover, nothing in the record reflects the trial court weighed the woman's description as substantive evidence and not solely for its limited purpose of establishing probable

cause.  Thus, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Accordingly, for the reasons stated herein, the judgment of the trial court is affirmed.

<u>Affirmed.</u>