COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Haley and Senior Judge Annunziata
Argued at Alexandria, Virginia


JASON CLARK TROGDON

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1218-04-4                   JUDGE JAMES W. HALEY, JR.
                                                        MAY 31, 2005
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                        Herman A. Whisenant, Jr., Judge

            Michael Morchower (Sherry Netherland; Morchower, Luxton &
            Whaley, on brief), for appellant.

            Leah A. Darron, Assistant Attorney General (Jerry W. Kilgore,
            Attorney General, on brief), for appellee.


        Jason Clark Trogdon appeals from a jury verdict on the sole issue that the evidence was

insufficient to convict him of object sexual penetration of a child under the age of thirteen years.

We affirm.

                                              I.

        When the sufficiency of the evidence is challenged on appeal, we "review the evidence in

the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly

deducible therefrom." Ortega v. Commonwealth, 31 Va. App. 779, 786, 525 S.E.2d 623, 627

(2000) (quoting Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997)

(additional citation omitted)).

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On May 31, 2003, E.C. and her ten-year-old daughter, the victim, went to the home of the appellant; appellant lived with his parents and sister, Jani. Jani invited the victim to the movies and asked her to spend the night at the Trogdon house. Jani, a friend, and the victim went to the movie theater where the victim was not allowed to view an 'R' rated movie. Jani and her friend returned the victim to the Trogdon house and left to view the movie around 10:30 p.m. Mrs. Trogdon made a bed for the victim in the downstairs bedroom. Appellant's bedroom and that of his father, Roger Trogdon, were also downstairs.

The victim fell asleep watching TV in the downstairs bedroom. She awoke after feeling pinching around her legs. The victim testified that appellant put his finger in her vagina several times and asked, "Does this feel okay?" The victim told appellant that she had to use the bathroom in order to get away from him. Appellant apologized and told her not to tell anyone. The victim went upstairs to Jani's bedroom and stayed with her until morning.

E.C. picked up the victim the next morning and noticed that the victim was quiet and "very clingy"; the victim would also not eat breakfast. The victim told E.C. what had happened, and E.C. took the victim to the hospital for examination. Treasa Chidester, a sexual assault nurse examiner, testified that her examination of the victim revealed an abrasion less than an inch from the victim's vagina and redness around the vaginal opening. Ms. Chidester concluded in her report that the injuries were "[a]bnormal, but the nature of the abnormalities are non-specific and may or may not be supportive of the reported allegation."

At trial, the appellant's father, Roger Trogdon, testified that appellant remained in his bedroom with the door closed and locked the entire night. Roger Trogdon testified that he would have heard appellant open the door and would have seen appellant walk in front of his bedroom door to get to the victim's room. Jani testified that after returning from the movie, she talked

with her father downstairs and saw the victim sleeping in the downstairs bedroom. Jani stated that the victim knocked on her upstairs bedroom door two to three minutes after Jani had seen her sleeping downstairs. Jani stated that all of the girls ate a snack and talked about TV shows the victim had watched.

Appellant testified that he had been asleep and denied the incident occurred.

### III.

Appellant asserts that the testimony offered at trial, specifically the victim's testimony, was inherently incredible, inconsistent, and insufficient to sustain the jury's verdict. Appellant argues that the medical findings were neutral and that the victim's condition could have been caused by something other than the alleged actions.

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) (citations omitted). "If there is evidence to support the conviction, an appellate court is not permitted to substitute its own judgment for that of the finder of fact, even if the appellate court might have reached a different conclusion." Commonwealth v. Presley, 256 Va. 465, 466, 507 S.E.2d 72, 72 (1998). "Prior inconsistent testimony is a factor in determining the credibility of a witness, but it does not automatically render the witness' testimony incredible. Inconsistent statements by a witness go to the weight and sufficiency of the testimony, not the competency of the witness." Fordham v. Commonwealth, 13 Va. App. 235, 240, 409 S.E.2d 829, 832 (1991) (citations omitted).

At trial, the jury heard and observed the testimony of the witnesses. The jury found the victim's testimony credible; a conviction for a sexual offense may be based solely on the uncorroborated testimony of the victim. See Ashby v. Commonwealth, 33 Va. App. 540,

548-49, 535 S.E.2d 182, 187 (2000); Fisher v. Commonwealth, 228 Va. 296, 299, 321 S.E.2d 202, 203 (1984). However, this victim's testimony was corroborated by testimony from the sexual assault nurse examiner. No evidence in the case provided an explanation for the victim's injury that would have been consistent with the nurse's report.

Appellant asserts that the victim's testimony was inherently incredible because she had trouble remembering several details from the night of the incident. However, the jury resolved any inconsistencies in the victim's testimony and found her testimony credible and believable. Appellant and his sister offered testimony that was inconsistent with statements given to Detective Khan. "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998). The jury chose to disregard appellant's self-serving testimony and that of his sister and thus concluded that appellant was lying to conceal his guilt.

This Court will not substitute its judgment for the trier of fact in this case; the victim's testimony was not "inherently incredible, or so contrary to human experience as to render it unworthy of belief." Fisher, 228 Va. at 299-300, 321 S.E.2d at 204.

Accordingly, we will not disturb the jury's finding in this matter.

Affirmed.