COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Petty and Senior Judge Fitzpatrick
Argued by teleconference


TIMOTHY L. FITZPATRICK

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 1508-06-4                  JUDGE JOHANNA L. FITZPATRICK
                                                        FEBRUARY 5, 2008
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                              Jane Marum Roush, Judge

              John Kenneth Zwerling (Andrea L. Moseley; Zwerling, Leibig &
              Moseley, P.C., on briefs), for appellant.

              Alice T. Armstrong, Assistant Attorney General II (Robert F.
              McDonnell, Attorney General, on brief), for appellee.


       Timothy L. Fitzpatrick was convicted of using a computer to solicit a minor in violation

of Code § 18.2-374.3(B).  The jury recommended a jail sentence of twelve months and a fine of

$2,500.  The trial court imposed the recommended jail sentence, the recommended fine, and

imposed a two-year term of post-release supervision pursuant to Code § 19.2-295.2.  On appeal,

Fitzpatrick presented several arguments contending that Code § 19.2-295.2 was unconstitutional;

however, he conceded at oral argument that the Supreme Court's decision in Alston v.

Commonwealth, 274 Va. 759, 652 S.E.2d 456 (2007), rejected all but one of his arguments.  In

this remaining argument, Fitzpatrick argues that Code § 19.2-295.2 violates the constitutional

doctrine of the separation of powers between the judicial branch and the executive branch

because it permits the executive branch, through the Parole Board, to impose a sentence that was

previously suspended by the trial court pursuant to Code § 19.2-295.2.  The Commonwealth

―――――――――――――――――――
       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

argues that Fitzpatrick failed to make this specific argument to the trial court and Rule 5A:18

bars consideration of it on appeal. We agree with the Commonwealth and affirm.

"The Court of Appeals will not consider an argument on appeal which was not presented

to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

See Rule 5A:18.

> Under this rule, a specific argument must be made to the trial court
> at the appropriate time, or the allegation of error will not be
> considered on appeal. A general argument or an abstract reference
> to the law is not sufficient to preserve an issue. Making one
> specific argument on an issue does not preserve a separate legal
> point on the same issue for review.

Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (en banc)

(citations omitted).

During Fitzpatrick's sentencing hearing, he argued to the trial court that Code

§ 19.2-295.2 was unconstitutional and violated the separation of powers clause. Fitzpatrick

stated:

> Very briefly on the separation of powers clause, there's no
> question that supervised release is additional punishment. In other
> words, the jury has sentenced [him] to twelve months. Let's say
> they had sentenced [him] to ten years, the full penalty. This Court
> would therefore be imposing really a twelve-year sentence,
> potentially, with two suspended but that could be served for a
> violation of a curfew violation or not even a crime.
> So the reason that the Legislature cannot delegate to the
> Court whether this is a ten-year, eleven-year, twelve-year,
> thirteen-year offense, and the fact that it's really not like a
> thirteen-year sentence with suspension can be appreciated if you
> look at the fact that if it was probation, it would go to the probation
> officer. It would come back to the Court.
> It wouldn't go to the Parole Board, okay, and if you look at
> the legislative history of the statute, prior to its taking effect, there
> was a statute in place that was passed that said the Parole Board
> has got to let somebody out at least six months prior to the serving
> of their sentence, so that there will be a period of supervised
> release.
> So the amount of supervised release came off of the
> sentence. This is adding it to the sentence. This, the way it's

being interpreted.  And also, Your Honor, this law took effect the very day that the parole law expired.  So it's a clear transition.  But it's being imposed in dramatically different fashion.

A review of Fitzpatrick's argument shows that he failed to argue to the trial court that Code § 19.2-295.2 permits the executive branch, through the Parole Board, to perform a judicial function of imposing a sentence imposed pursuant to Code § 19.2-295.2.  Accordingly, Rule 5A:18 bars our consideration of this argument on appeal.

Fitzpatrick argues the ends of justice exception of Rule 5A:18 applies because the relinquishment of power to the executive branch is a constitutional violation and it is a clear, substantial, and material error.

Rule 5A:18 applies to arguments involving constitutional principles.  Ashby v. Commonwealth, 33 Va. App. 540, 544-45, 535 S.E.2d 182, 185 (2000).

Fitzpatrick had ample opportunity to present this argument to the trial court, but failed to do so.  Additionally, Fitzpatrick has failed to affirmatively demonstrate that a "miscarriage of justice has occurred."  Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the [ends of justice] exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred.").  Fitzpatrick has failed to provide a sufficient basis to invoke the ends of justice exception to Rule 5A:18.  Accordingly, we affirm the trial court's decision to impose a two-year term of post-release supervision pursuant to Code § 19.2-295.2.

Affirmed.