COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, AtLee and Senior Judge Clements
Argued at Fredericksburg, Virginia

UNPUBLISHED

HAMIDREZA GHAZAVI

MEMORANDUM OPINION[*] BY
v.      Record No. 0573-21-4          JUDGE MARY GRACE O'BRIEN
MAY 17, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Richard E. Gardiner, Judge

Anthony H. Nourse (Law Office of Anthony H. Nourse, PLC, on
brief), for appellant.

Susan Brock Wosk, Assistant Attorney General (Mark R. Herring,[1]
Attorney General, on brief), for appellee.

Hamidreza Ghazavi appeals an order convicting him of misdemeanor assault and battery

and imposing a sentence of one day in jail and a $100 fine.[2]  Appellant challenges the sufficiency of

the evidence to convict him, arguing that the victim's testimony was not credible and the physical

evidence was inconclusive.  For the following reasons, we affirm appellant's conviction.

BACKGROUND

When reviewing challenges to the sufficiency of the evidence, we state the facts "in the light

most favorable to the Commonwealth, the prevailing party at trial."  *Gerald v. Commonwealth*, 295

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Jason S. Miyares succeeded Mark R. Herring as Attorney General on January 15, 2022.

[2] According to the sentencing transcript, the court suspended the jail time and fine.
However, the conviction and sentencing order entered November 1, 2019 does not reflect this
suspension.  We remand for the correction of any scrivener's error in that order.  *See* Code
§ 8.01-428(B) (allowing the circuit court to correct "clerical mistakes in all judgments or other
parts of the record and errors therein arising from oversight or from an inadvertent omission").

Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)). We discard appellant's conflicting evidence and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Id.* at 473.

Appellant rented a room in a house owned by Kambiz Nozary but was behind on his rent. On September 9, 2017, Nozary told appellant that he needed to pay or move out, or Nozary would evict him. The next morning, when Nozary was coming out of the bathroom, appellant attacked him with a stun gun to the torso. During the ensuing struggle, which lasted approximately forty minutes and spanned multiple rooms of the house, appellant continued to use the stun gun, mostly contacting Nozary's clothing, hand, and face.

Nozary suddenly felt "paralyzed," was "shaking," and fell onto his back. Appellant stood over him and held onto his shirt. Nozary pushed himself off the floor and ran from the house, leaving appellant holding onto the shirt. Appellant called 911.

Still "shaking," Nozary asked a neighbor to call 911 because he had left his phone in the house. Nozary reported to the 911 dispatcher that he had been attacked with a stun gun. From the neighbor's house, Nozary watched appellant come outside, "slowly" walk to the curb, and wait there.

Officer Michael Leung responded to the 911 calls and found appellant and Nozary outside, both "distraught . . . [a]nd upset." Nozary was shirtless, and appellant's shirt was "torn up." Officer Leung photographed abrasions on Nozary's chin, cheek, nose, forehead, neck and shoulder area, arms, torso, and upper and lower back. He did not notice any burn marks on Nozary.

Appellant had no visible injuries but told the officer that he had "tightness in [his] chest." Accordingly, Officer Leung called emergency rescue personnel, who arrived and evaluated Nozary and appellant.

Nozary told Officer Leung that appellant had attacked him and had a stun gun in his hand during the attack. Appellant, however, told Officer Leung that he had been attacked by Nozary and two other men because of his writings against the Iranian government. Appellant described the men as "bearded and average height, average weight." Officers searched the house for suspects but did not find anyone. Officer Leung testified that the officers also "briefly" searched the house and curtilage for a stun gun, again to no avail. Appellant packed his belongings and left the house while Officer Leung was still there.

Later that day, Nozary conducted an extensive search and found the stun gun under bushes near the door that led to the curb where appellant had been sitting after the altercation, awaiting police. Nozary testified that the stun gun had a sharp tip that caused his abrasions.

At the close of the Commonwealth's case-in-chief, appellant moved to strike the evidence, arguing that the Commonwealth had not proved an assault and battery. After the court denied the motion, appellant testified that on the morning of the incident, he went to the bathroom and when he came out, Nozary and two other men attacked him. According to appellant, Nozary punched him in the abdomen, and all three men repeatedly struck him in the jaw, shoulder, back, knee, and hip, and, while barefoot, kicked his leg. Appellant claimed the attack lasted more than fifteen minutes before he escaped and that when officers arrived, he was "lying on the ground" in "critical condition." Appellant testified that he had bruises on his shoulder, hip, and knee and that his jaw was inflamed. According to appellant, his blood pressure increased, he became dizzy, and he had chest pain and shortness of breath; however, he refused hospitalization because he had no money. Appellant stated that he suffered severe chest pain and shortness of breath for more than a week following the incident.

Appellant denied that he had a weapon during the incident. He also claimed that he gave Officer Leung a more complete description of the attackers than what the officer recalled or put in

his report, including information about their possible ethnic backgrounds. Appellant testified that he escaped by running out of the house and that Nozary remained inside.

After the close of all evidence, appellant argued that Nozary was not credible, that his testimony was "full of contradictions," and that Nozary delayed calling police so he could concoct a story about appellant attacking him with a stun gun. Further, he argued that Nozary's injuries were "just scratches," which he claimed were caused by appellant's efforts to defend himself. Additionally, appellant argued that the evidence did not show who initiated the attack and that if the court believed both Nozary and appellant, then the evidence was insufficient to convict.

The court found Nozary's testimony credible and appellant's testimony not credible, and it determined that no evidence supported appellant's claim that he was attacked by three people. Moreover, the court discarded as "simply not credible" appellant's claim that he was "brutally kicked and punched by three adult males" in an attack lasting fifteen minutes but yet "ha[d] absolutely no injuries on him at all." By contrast, the court believed Nozary's account of an attack lasting approximately forty minutes, corroborated by Nozary having "at least some little scratches on him" from "having wrestled" with appellant for that length of time. Accordingly, the court convicted appellant of assault and battery.

STANDARD OF REVIEW

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (alteration in original) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). An appellate court "does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is whether '*any* rational trier of fact could have

found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

ANALYSIS

In his challenge to the sufficiency of the evidence supporting his assault and battery conviction, appellant contends that the Commonwealth failed to prove that he attacked Nozary. Specifically, appellant argues that because both Nozary and appellant reported to police that they were victims of an attack, appellant called 911 first, and the scratches suffered by Nozary were consistent with appellant acting in self-defense, the evidence was not sufficient to prove that appellant initiated the altercation. He further argues that Nozary's testimony was inherently incredible because Nozary claimed appellant used a stun gun on him but sustained "no burn marks or other indicia of injury from of a stun gun." Appellant asserts that Nozary was motivated to attack him because appellant was "behind on his rent" and it was "equally possible" that Nozary "planted" the stun gun instead of finding it after the officers' unsuccessful search. Thus, appellant concludes, because "[t]he physical evidence does not favor one version" of events over another, and Nozary was not credible, the evidence was insufficient to convict.[3]

"Determining the credibility of witnesses . . . is within the exclusive province of the [fact finder], which has the unique opportunity to observe the demeanor of the witnesses as they

---

[3] On brief, appellant incorrectly asserts that the Commonwealth's evidence was primarily circumstantial. "Circumstantial evidence . . . is offered to prove a fact not directly in issue, from which a fact in issue may reasonably be inferred." *Commonwealth v. Hudson*, 265 Va. 505, 512 (2003). Direct evidence, by contrast, "is offered to prove as a fact the point in issue." *Id.* Here, Nozary's testimony, if believed, directly established the facts at issue in appellant's trial.

testify." *Dalton v. Commonwealth*, 64 Va. App. 512, 525 (2015) (first alteration in original) (quoting *Lea v. Commonwealth*, 16 Va. App. 300, 304 (1993)). "[T]he conclusions of the fact finder on issues of witness credibility may be disturbed on appeal only when we find that the witness' testimony was 'inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" *Ragsdale v. Commonwealth*, 38 Va. App. 421, 429 (2002) (quoting *Ashby v. Commonwealth*, 33 Va. App. 540, 548 (2000)).

"Evidence is not 'incredible' unless it is 'so manifestly false that reasonable men ought not to believe it' or 'shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Gerald*, 295 Va. at 487 (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)). "A legal determination that a witness is inherently incredible is very different from the mere identification of inconsistencies in a witness' testimony or statements. Testimony may be contradictory or contain inconsistencies without rising to the level of being inherently incredible as a matter of law." *Kelley v. Commonwealth*, 69 Va. App. 617, 626 (2019). Instead, these "[p]otential inconsistencies" are appropriately weighed and "'resolved by the fact finder,' not the appellate court." *Id.* (alteration in original) (quoting *Towler v. Commonwealth*, 59 Va. App. 284, 292 (2011)).

As the present case illustrates, a fact finder's "evaluations of credibility" often include "choosing between competing accounts offered by different witnesses." *Commonwealth v. McNeal*, 282 Va. 16, 22 (2011); *see Hamilton v. Commonwealth*, 279 Va. 94, 104-05 (2010). In conducting these evaluations, the fact finder is "free to believe or disbelieve, in part or in whole, the testimony of any witness." *Bazemore v. Commonwealth*, 42 Va. App. 203, 213 (2004) (*en banc*). Moreover, the fact finder is entitled to reject a defendant's self-serving testimony and "conclude that [he] is lying to conceal his guilt." *Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011) (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998)).

Appellant has failed to demonstrate that Nozary's testimony was inherently incredible as a matter of law. We have held that a witness' testimony was not inherently incredible when it was corroborated by other evidence, although corroboration is not necessary. *See Lambert v. Commonwealth*, 70 Va. App. 740, 760 (2019). Here, the record demonstrates that Nozary suffered numerous injuries, including abrasions on his arms, corroborating his testimony that he was attacked and fell on his back. In addition, Nozary was shirtless when Officer Leung arrived, supporting his account of escaping the house while appellant held onto his shirt. By contrast, appellant suffered no visible injuries despite his contention that he was attacked by three men who repeatedly punched and kicked him. Additionally, the responding officers searched without success for the other two men appellant claimed had attacked him. Therefore, contrary to appellant's argument, the physical evidence supports Nozary's testimony that appellant attacked him.

Although Nozary did not sustain "burn marks" consistent with use of a stun gun, Nozary's uncontroverted testimony described the stun gun as having a sharp tip, and his injuries included skin abrasions. Nozary was wearing a shirt for most of the attack, which limited the opportunity for the stun gun to contact his skin. Appellant also emphasizes that he called 911 first and Nozary admitted that he wanted to evict appellant. Those circumstances, however, do not render Nozary inherently incredible or altogether unworthy of belief. Instead, they presented factual issues that are "'resolved by the fact finder,' not the appellate court." *Kelley*, 69 Va. App. at 626 (quoting *Towler*, 59 Va. App. at 292). "When the law says that it is for triers of the facts to judge the credibility of a witness, the issue is not a matter of degree. So long as a witness deposes as to facts [that], if true, are sufficient to maintain [the] verdict," and "[i]f the trier of the facts sees fit to base the verdict upon that testimony[,] there can be no relief in the appellate court." *Smith v. Commonwealth*, 56 Va. App. 711, 718-19 (2010) (quoting *Swanson v. Commonwealth*, 8 Va. App.

376, 379 (1989)). Because Nozary testified to facts that were corroborated and sufficient to sustain the trial court's judgment, there can be no relief in this Court. *See id.*

Finally, the record established that appellant testified extensively in his defense, claiming that Nozary and two other men ambushed him as he exited the bathroom and repeatedly struck him for fifteen minutes. At trial, he made claims about their ethnic backgrounds, although this information did not appear in Officer Leung's report. As the fact finder, the court "was at liberty to discount [appellant's] self-serving statements as little more than lying to 'conceal his guilt'" and "could treat such prevarications as 'affirmative evidence of guilt.'" *Coleman v. Commonwealth*, 52 Va. App. 19, 25 (2008) (first quoting *Haskins v. Commonwealth*, 44 Va. App. 1, 10 (2004), and then quoting *Wright v. West*, 505 U.S. 277, 296 (1992)). Moreover, Officer Leung testified that appellant did not have any observable injuries.

After weighing the evidence and considering the witnesses' competing accounts, the court credited Nozary's testimony. Further, the court found that it was "simply not credible" that appellant was "brutally kicked and punched by three adult males" in an attack lasting fifteen minutes and yet "ha[d] absolutely no injuries on him at all." Accordingly, having rejected as untrue appellant's testimony, the court could "draw the reasonable inference that his explanation was made falsely in an effort to conceal his guilt." *Covil v. Commonwealth*, 268 Va. 692, 696 (2004); *see also Emmett v. Commonwealth*, 264 Va. 364, 372 (2002).

As the court's credibility determination was neither plainly wrong nor without evidentiary support, we will not disturb it on appeal. Thus, the evidence was sufficient to sustain appellant's conviction.

CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment convicting appellant of assault and battery, in violation of Code § 18.2-57. We remand for the limited purpose of correcting

a scrivener's error in the final order pursuant to Code § 8.01-428(B) to reflect that the court

suspended appellant's sentence.

*Affirmed and remanded.*