COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Causey and Senior Judge Haley
Argued at Richmond, Virginia


STEVE TIMOTHY WILKERSON, JR.

v.     Record No. 0960-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE DORIS HENDERSON CAUSEY
NOVEMBER 8, 2023


FROM THE CIRCUIT COURT OF CAROLINE COUNTY
Sarah L. Deneke, Judge

(Maureen L. White, on brief), for appellant. Appellant submitting
on brief.

Tanner M. Russo, Assistant Attorney General (Jason S. Miyares,
Attorney General; Maureen E. Mshar, Assistant Attorney General,
on brief), for appellee.


Following a one-day trial, a jury convicted Steve T. Wilkerson, Jr. of eluding the police, in

violation of Code § 46.2-817(B). On appeal, Wilkerson asserts that the evidence was insufficient to

support his conviction. For the following reasons, we disagree, and affirm the conviction.

BACKGROUND[1]

On June 19, 2021, Sergeant Andrew Williams and Deputy Chris Williams (collectively, the

officers) were dispatched to Big Oak Drive in Caroline County to investigate a domestic

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] On appeal, "we review the evidence in the 'light most favorable' to the
Commonwealth." *Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (en banc) (quoting
*Commonwealth v. Hudson*, 265 Va. 505, 514 (2003)). That principle requires us to "discard the
evidence of the accused in conflict with that of the Commonwealth, and regard as true all the
credible evidence favorable to the Commonwealth and all fair inferences that may be drawn
therefrom." *Kelly v. Commonwealth*, 41 Va. App. 250, 254 (2003) (en banc) (quoting *Watkins v.
Commonwealth*, 26 Va. App. 335, 348 (1998)).

disturbance. As they traveled to Big Oak Drive, the officers learned that Wilkerson was involved in a domestic dispute with his mother, Evelyn Green, and that he had left the residence on a black and orange motorcycle. Wilkerson was reportedly wearing a black helmet with white designs and riding along Secretariat Road. The officers also learned that Wilkerson had an outstanding warrant for his arrest and was possibly armed. Dispatch sent the officers a picture of Wilkerson that depicted him as an African American male with braided dreadlocks.

As the officers approached Big Oak Drive, Deputy C. Williams observed an individual matching dispatch's description sitting on a black and orange motorcycle in the front yard of a home on Secretariat Road. Deputy C. Williams testified that he briefly saw the individual without a helmet with his braids "kind of up" on his head. Deputy C. Williams pulled into the driveway of the home. Sergeant A. Williams exited the vehicle and commanded the individual to turn off the motorcycle and show his hands. But the individual disregarded those instructions and drove away on the motorcycle. The officers immediately activated the lights and sirens of the patrol vehicle and began pursuit.

Dash camera footage shown to the jury depicted the officers pursuing the motorcycle along Secretariat Road, a street without lane designations. The individual turned left and headed eastbound on Route 30 at a high rate of speed and passed at least two vehicles. The pursuit lasted several minutes and reached speeds of over 107 miles per hour. When the individual proceeded through a red light without stopping, the pursuit was terminated.

One of Green's neighbors, Tanya Washington, testified at Wilkerson's trial. Washington said that she and Green had been neighbors since 2015 and that Wilkerson lived with Green. According to Washington, Green asked Washington's husband to call 911 on June 19, 2021. While on the phone with emergency services, Washington saw Wilkerson exit his mother's home, get on his orange and black motorcycle, and drive off. Washington testified that Wilkerson wore his hair

in dreadlocks at the time.  She affirmed that she never saw anyone but Wilkerson drive that motorcycle.  Washington also stated that from her home she "can actually see the whole road on Big Oak to Secretariat and the first three houses."  She watched Wilkerson drive from Green's home to the third house on Secretariat Road.

During cross-examination, Washington testified that her stepdaughter, Ambria Childs, and Wilkerson have a child in common.  Washington denied having any knowledge of the ongoing custody hearings between Wilkerson and Childs.

Savanna Pair, an associate of Wilkerson's, also testified at trial.  She said that she had known Wilkerson for four years and that she regularly socialized with him in the Summer of 2021.  Pair further testified that during June 2021, Wilkerson wore his hair in dreadlocks, drove a black and orange motorcycle, and wore a black helmet with "creamish" white skulls.  She never saw anyone but Wilkerson drive that motorcycle and wear that helmet.  Pair asserted that Wilkerson had threatened her life to dissuade her from testifying at trial.

On cross-examination, Pair acknowledged that she had been convicted of a crime of moral turpitude.  She also admitted to being friends with Childs.  Pair testified that she had accompanied Childs to court hearings about custody for the child.

John Kennedy Lee, Wilkerson's cousin, testified that he lived on Secretariat Road.  On June 19, Lee observed Wilkerson in the yard between his mother's residences and another home when officers arrived in the driveway.  As officers arrived, Lee observed Wilkerson get on his motorcycle and drive off.  On cross-examination, Lee admitted that he was a convicted felon.

At the close of the Commonwealth's evidence, the trial court denied Wilkerson's motion to strike the charge.  At the close of all the evidence, the trial court denied Wilkerson's renewed motion to strike.  The jury found Wilkerson guilty of eluding, and the trial court sentenced him to two years with one year and three months suspended.  Wilkerson appeals.

ANALYSIS

Wilkerson asserts that the evidence is insufficient to support his conviction because no witness identified him as the individual who eluded the officers on June 19, 2021; however, there is ample evidence in the record to support his conviction.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

Code § 46.2-817(B) states that it is unlawful for anyone who has

> received a visible or audible signal from any law-enforcement officer to bring his motor vehicle to a stop, [to] drive[] such motor vehicle in a willful and wanton disregard of such signal so as to interfere with or endanger the operation of the law-enforcement vehicle or endanger a person.

Without challenging any other element of the offense, Wilkerson argues the Commonwealth failed to prove that he was the driver of the motorcycle.

"At trial, the Commonwealth bears the burden of proving the identity of the accused as the perpetrator beyond a reasonable doubt." *Blevins v. Commonwealth*, 40 Va. App. 412, 423 (2003). Identity may be proved by direct or circumstantial evidence. *Crawley v. Commonwealth*, 29 Va. App. 372, 375 (1999). "The sufficiency inquiry does not distinguish between direct and circumstantial evidence, as the fact finder is entitled to consider all of the evidence, without distinction, in reaching its determination." *Rams v. Commonwealth*, 70 Va. App. 12, 27 (2019) (internal citations and quotations omitted). "Circumstantial evidence is not 'viewed in isolation' because the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable fact finder' to conclude beyond a reasonable doubt that a defendant is guilty." *Id.* (quoting *Muhammad v. Commonwealth*, 269 Va. 451, 479 (2005)).

"The sole responsibility to determine the credibility of witnesses, the weight to be given to their testimony, and the inferences to be drawn from proven facts lies with the fact finder." *Blankenship v. Commonwealth*, 71 Va. App. 608, 619 (2020) (quoting *Ragland v. Commonwealth*, 67 Va. App. 519, 529-30 (2017)). Moreover, "the conclusions of the fact finder on issues of witness credibility may be disturbed on appeal only when we find that the witness' testimony was 'inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" *Ashby v. Commonwealth*, 33 Va. App. 540, 548 (2000) (quoting *Fisher v. Commonwealth*, 228 Va. 296, 299-300 (1984)). "In all other cases, we must defer to the conclusions of 'the fact finder[,] who has the opportunity of seeing and hearing the witnesses.'" *Id.* (alteration in original) (quoting *Schneider v. Commonwealth*, 230 Va. 379, 382 (1985)).

Here, several witnesses testified that Wilkerson owned a black and orange motorcycle and a black helmet with white decals. Washington and Pair never saw anyone but Wilkerson drive the motorcycle. Pair never saw anyone but Wilkerson wear the black and white helmet.

Furthermore, Pair and Washington confirmed that Wilkerson wore his hair in dreadlock braids in June 2021.

Additionally, on June 19, 2021, Washington saw Wilkerson leave Green's home on his black and orange motorcycle and drive to a house on Secretariat Road. Lee lived on Secretariat Road and saw Wilkerson in the yard when the officers arrived. As the officers pulled into the driveway, Wilkerson drove away on his motorcycle.

As they drove along Secretariat Road, Sergeant A. Williams and Deputy C. Williams saw an individual matching Wilkerson's description next to an orange and black motorcycle. When they attempted to talk with the individual, he put on a black and white helmet and drove away. The officers activated their lights and sirens and attempted to initiate a traffic stop. The officers observed the motorcyclist continue along Secretariat Road until he turned left onto Route 30, passed several vehicles, and accelerated to speeds over 107 miles per hour. After the motorcyclist sped through a red light, the officers terminated their pursuit. Considering the totality of the evidence, a reasonable factfinder could conclude beyond a reasonable doubt that Wilkerson was the person who drove the black and orange motorcycle that recklessly eluded the officers. Because this finding is not plainly wrong or without evidence to support it, we will not disturb Wilkerson's conviction on appeal.

## CONCLUSION

We find that the evidence was sufficient to convict Wilkerson of eluding. Accordingly, we affirm the trial court's judgment.

*Affirmed.*